In re William C. GLENN and Mildred Glenn, Debtors.

**Bankruptcy No. 88–1665–BM.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 5, 1991.

---

Mary E. Bower, Pittsburgh, Pa., for debtors.

John W. Lewis, II, Dickie, McCamey & Chilcote, P.C., Pittsburgh, Pa., for Fidelity & Deposit Co. of Maryland.

Claude C. Council, Pittsburgh, Pa., Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

William C. Glenn and Mildred Glenn ("debtors") have objected in part to a proof of claim submitted by Fidelity & Deposit Company of Maryland ("F & D") in the amount of $191,656.41. Although debtors do not object to the principal amount of the claim, they do object to the interest on the principal, which approximates $22,706.41. Debtors contend that the interest is not allowable because F & D is an unsecured creditor.

–I–

### FACTS

Debtors filed a voluntary chapter 11 petition on June 24, 1988. F & D was listed in the petition as a secured creditor in the

amount of $168,000.00 and was not included among the unsecured creditors.

F & D filed a proof of claim on September 19, 1988. The claim arose out of a promissory note allegedly executed by William Glenn on December 4, 1984, and consisted of the following elements:

| | |
|---|---|
| Principal | $168,950.00 |
| Interest | 33,450.03 |
| Attorney's Fees | 33,790.00 |
| Total | $236,190.03 |

The amounts claimed for interest and attorney's fees were at the rates purportedly prescribed in the promissory note.

F & D further alleged that its claim was secured by virtue of certain duly recorded judgments. Specifically, F & D alleged that judgment by confession had been entered against debtors on December 20, 1984 at GD84–23070 in the Court of Common Pleas of Allegheny County, Pennsylvania. F & D further alleged that judgment had been entered against debtors in May of 1988 at GD88–8468 and GD88–8469 in the same court. These judgments allegedly arose out of a judgment in the amount of $168,950.00 in favor of F & D and against both debtors dated November 19, 1987 in the United States District Court for the Western District of Pennsylvania at Cr. No. 86–110.

Debtors objected in part to F & D's proof of claim. They did not object to the claim for the principal due and owing under the note. Rather, debtors objected only to those portions of the claim pertaining to interest and attorney's fees. Debtors' objection was based on the fact that none of the above judgments specifically included interest and/or attorney's fees. Their objection was not based on the contention that F & D was an unsecured creditor. To the contrary, no objection was raised as to F & D's secured status.

A hearing was held on February 16, 1989 on debtors' objection to F & D's proof of claim. F & D's purported secured status was *not* controverted at the hearing. The sole issue raised at that time was whether F & D was entitled by virtue of the promissory note to attorney's fees and interest at the rate of 11.5% *per annum.*

An Order of Court was entered that same day. The order provided that the claim of F & D was "... limited to the amount of $168,950.00 plus interest (statutory) from the date of the filing of the judgment to the date of the filing in this court". No appeal was ever taken of this Order.

On February 19, 1990, debtors' previous counsel withdrew and new counsel was approved to represent them.

This bankruptcy case was converted to a chapter 7 proceeding on June 21, 1990.

Subsequent to the conversion, F & D filed another proof of claim on October 22, 1990. The basis for the claim is essentially the same as the basis set forth in its previous proof of claim. The only salient difference is in the amount of the claim. The principal amount of the claim—i.e., $168,950.00—is unchanged. However, F & D claims $22,612.06 in interest and does not seek any attorney's fees.

Debtors have objected in part to F & D's second proof of claim. The objection is basically identical to their objection to the prior proof of claim. Debtors do not object to that portion of F & D's claim for the principal amount due and owing—i.e., $168,950.00. They do object, however, to that portion of the claim which seeks interest—i.e., $22,612.06.

The only salient difference in debtors' second objection lies in the basis for their objection. Debtors had not previously challenged F & D's purported secured status. This time, however, debtors argue that interest is not allowable because F & D is an *unsecured* creditor. According to debtors, the judgments entered at GD88–8468 and GD88–8469 were obtained within ninety (90) days of the filing of the bankruptcy petition and thus are avoidable preferential transfers. Debtors further contend that F & D is not secured by virtue of the confessed judgment at GD84–23070 because it is against William Glenn only and thus does not attach to debtors' marital residence (which they own as tenants by the entirety).

–II–

## ANALYSIS

### A. *F & D's Status As Secured Creditor*

On November 19, 1987, an Order of Court was issued in the United States District Court for the Western District of Pennsylvania at Cr. No. 86–110. The Order entered judgment in the amount of $168,950.00 in favor of F & D and against William C. Glenn and Mildred Glenn, jointly and severally. The order directed the Clerk of Court to "enter the within judgment on the Judgment Index and to issue a judgment card so that the judgment can be enforced by the F & D".

On May 13, 1988, the following was noted on the Judgment Roll in the United States District Court for the Western District of Pennsylvania at Cr. No. 86–110:

ORDER dated 11–19–87 that the restitution of $168,950 to Fidelity and Deposit Company of Maryland is entered as a judgment jointly and severally against William C. Glenn and Mildred Glenn; FURTHER that the Clerk enter the within judgment on the Judgment Index and issue a judgment card so that the judgment can be enforced by the F & D. CERTIFIED from the record this 13th day of May, 1988.
*Catherine D. Martrano*

■ A judgment of a federal court within Pennsylvania is a lien on property located within Pennsylvania in the same manner, to the same extent, and under the same conditions as a judgment of a Pennsylvania court of common pleas. 42 Pa.C.S.A. § 4305(a) (Purdon's 1981). A judgment of a court of common pleas for the payment of money shall be a lien upon real property when said judgment was entered of record and indexed in the office of the court of common pleas where the real property is located. 42 Pa.C.S.A. § 4303(a) (Purdon's 1981).

■ Debtors' residence is located in Allegheny County, Pennsylvania. On May 13, 1988, F & D transferred the judgment at Cr. No. 86–110 to the office of the Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania. Said judgments were docketed at GD Nos. 88–8468 and 88–8469.

F & D presently is a secured creditor in light of the fact that GD Nos. 88–8468 and 88–8469 were recorded and indexed prior to the date on which debtors filed their bankruptcy petition.

Debtors further argue that F & D is not a secured creditor because the judgments entered at GD Nos. 88–8468 and 88–8469 were entered within 90 days of the filing of the bankruptcy petition and hence are avoidable as preferential transfers.

■ Debtors have raised this matter in a *motion* objecting to F & D's claim. Avoidance of an alleged preferential transfer can be accomplished only through an adversary action. *See* BANKRUPTCY RULE 7001. Each and every element necessary to a preference must then be proven and defenses raised thereto must be rebutted. Merely saying it is a preference does not make it so.

### B. *Res Judicata*

Debtors' objection to F & D's second proof of claim will also be denied because the objection is barred by *res judicata.*

■ *Res judicata* consists of two preclusion concepts: claim preclusion and issue preclusion. Claim preclusion refers to the preclusive effect of a judgment in barring relitigation of the same cause of action. Issue preclusion, on the other hand, is a narrower application of *res judicata* and refers to the preclusive effect of a judgment in foreclosing relitigation of all matters that were actually and necessarily determined in a prior suit. *Purter v. Heckler,* 771 F.2d 682, 687, 689–90 n. 5 (3rd Cir.1985) (*citing Migra v. Warren City School District Board of Education,* 465 U.S. 75, 465 U.S. 75, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

The claim preclusive branch of *res judicata* is a court-created concept which is designed to demarcate the meritorious claim from the vexatious, repetitive and needless claim. *Purter,* 771 F.2d at 689–90 (citations omitted). Successful application

of the claim preclusive branch of *res judicata* to the present situation requires a showing that there has been: (1) a final order on the merits in a prior matter; (2) involving the same parties or their privies; and (3) a subsequent matter based on the same cause of action. *See United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3rd Cir.1984) (citations omitted).

■ The first two requirements of claim preclusion unquestionably have been met in this case. The order of February 16, 1989 which decreed that F & D was entitled to statutory interest from the date of the filing of the judgment to the date of the filing in this court was a final order on the merits and adjudicated debtors' objection to F & D's prior proof of claim. (No appeal was ever taken of this order.) Also, the parties to the objection to F & D's proof of claim are the same as those who are involved in the present objection to F & D's second proof of claim.

The term "cause of action" cannot be precisely defined and is not amenable to a single test which applies to every situation. *See Donegal Steel Foundry Co. v. Accurate Products Co.*, 516 F.2d 583, 588 n. 10 (3rd Cir.1975). Its treatment varies from case to case. *Athlone Industries*, 746 F.2d at 983.

Debtors' objection to F & D's second proof of claim is the same cause of action as the objection to F & D's prior proof of claim. They are seeking essentially the same recovery or relief in both instances. Debtors concede in both instances that F & D is entitled to principal in the amount of $168,950.00 but maintain that F & D is not entitled to any interest on that amount.

The legal basis upon which debtors have objected to the claim for interest in the second proof of claim is different from the that presented in the previous proof of claim. Their objection to the inclusion of interest in the previous proof of claim was based on the fact that none of the judgments entered against them provided for interest. Their objection to the inclusion of interest in the second proof of claim is based on the proposition that F & D is not a secured creditor because of other pur-ported problems concerning those judgments.

■ This difference in the legal basis for the objection to F & D's second proof of claim does not imply that their objection thereto constitutes a different cause of action. The same cause of action may exist even though the various claims arise under different statutory or common law grounds. Claim preclusion primarily turns on the essential similarity of the events giving rise to the various claims rather than on the legal theories involved. *Davis v. United States Steel Supply Co.*, 688 F.2d 166, 171 (3rd Cir.1982) (*en banc*), *cert. denied*, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983).

■ Claim preclusion bars not only matters that were *actually* raised in a previous action, but also matters that *should* have been raised in the previous action. *See Migra*, 104 S.Ct. at 894 n. 1. Debtors' first objection that F & D is not entitled to interest on its claim previously had been rejected by this court on February 16, 1989. The argument that F & D is not entitled to interest because it is not a secured creditor should have been raised in debtors' first objection but was not. This system of jurisprudence has rejected and must continue to reject the proposition that a cause of action may be relitigated every time counsel's synaptic gaps are traversed. Debtors' objection to F & D's proof of claim filed on October 22, 1990 is barred by *res judicata*.

As a result of the foregoing analysis, F & D's claim will be allowed in its entirety.

An appropriate Order will be issued.